## JOHN WATSON v. WILSON S. TAYLOR.

**Pleading—Sufficiency of.**
 The Code requires that there must be a direct and specific denial of every material allegation, or an admission of part and denial of the other averments, and a pleading to be sufficient must comply with such requirements.

### APPEAL FROM CAMPBELL CHANCERY COURT.

January 24, 1877.

OPINION BY JUDGE PRYOR:

The appellant was not entitled to a judgment on the pleadings by making it available as a set-off for the amount of money collected from the government. The appellee fails to deny that he was appellant's attorney and collected the amount of money alleged to have been received by him. The history of the transaction, as detailed in the reply, is inconsistent with the admissions made, and this character of pleading is not permitted by the Code. There must be a direct and specific denial of every material allegation, or an admission of the statements and a plea in avoidance.

It is said in reply that some other party collected the money as attorneys for the defendant, but it is not denied that plaintiff was the attorney and employed to prosecute this claim, nor is it denied that he collected every dollar of money charged to have been collected in

the answer and set-off. The pleader starts out by saying that everything inconsistent with a certain theory of the case or certain facts stated is denied. This is no denial, and entitles defendant (appellant) to a judgment. The reply to other counts in the answer are equally objectionable. The question arising on the testimony will not be disposed of, as the case must go back for further preparation.

The appellee should be allowed to answer in a reasonable time if he offers to do so. The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*A. T. Root, for appellant.    O. W. Root, for appellee.*